IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TA'VON S. BEASLEY, | : | Civil No. 3:24-cv-1897 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| DAUPHIN COUNTY PRISON, PRIMECARE MEDICAL, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Ta'Von Beasley ("Beasley"), an inmate confined at the Dauphin County Prison, in Harrisburg, Pennsylvania, initiated this negligence action on November 4, 2024. (Doc. 1). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). Along with the complaint, Beasley filed an application to proceed *in forma pauperis*. (Doc. 2). Based on the financial information provided in the application, the Court will grant the application to proceed *in forma pauperis*. Additionally, for the following reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

*See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b).  This initial screening is to be done as soon as practicable and need not await service of process.  *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The

plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Beasley proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.    The Complaint

In the complaint, Beasley names as Defendants the Dauphin County Prison and PrimeCare Medical. (Doc. 1). He alleges that the events giving rise to his claims occurred

4

on September 26, 2024. (*Id.* at p. 4). According to Beasley, the Dauphin County Prison crushes psychiatric medication. (*Id.*). As a result of taking his medication in crushed form, Beasley alleges that he experienced anger and trouble sleeping. (*Id.*).

Beasley seeks monetary relief. (*Id.* at p. 8).

### III. Discussion

The Court construes Beasley's claims as arguing that Defendants were deliberately indifferent to his serious medical needs when they distributed his medication in crushed form.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To succeed on such a claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). For purposes of initial review, the Court will assume that Beasley's mental illness meets the criteria for an objectively serious medical need.

Beasley's claim of deliberate indifference for distributing crushed pills, fails. While Beasley may disagree with the manner in which his medication was distributed or the efficacy of the treatment provided to him, this does not rise to a constitutional violation. *Inmates of Alleghany County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Beasley does not allege that his medication was withheld or that he was provided incorrect medication. He may not demand a particular type of treatment, as long as some treatment is provided. Beasley's allegations amount to nothing more than his subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. Disagreements as to the proper course of medical treatment will not satisfy the deliberate indifference standard. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (holding that "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation); *Gause v. Diguglielmo*, 339 F. App'x 132 (3d Cir. 2009) (dispute over choice of medication does not rise to the level of an Eighth Amendment violation). Moreover, courts will not second guess whether a particular course of treatment is adequate or proper. *Parham v. Johnson*, 126 F.3d 454, 458 n.7 (3d Cir. 1997). It is also well-established that the negligent treatment provided for a condition is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. *Rouse*, 182 F.3d at 197 ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference."); *Hartman v. Corr. Med. Servs.*, 366 F. App'x 453, 455 (3d Cir. 2010) (noting that the "[inmate] himself referred to his

lawsuit in terms of the negligence of the defendants" and finding that "[a]llegations of medical negligence do not trigger constitutional protections") (citing *Estelle*, 429 U.S. at 105-06; *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993)). Based on the foregoing, Beasley fails to articulate an arguable civil rights claim regarding the alleged crushing of psychiatric medication.

With respect to the Dauphin County Prison, a prison or correctional facility is not a person within the meaning of § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). The Dauphin County Prison is clearly not a person and may not be sued under § 1983. Accordingly, the Dauphin County Prison is entitled to dismissal.

## IV.     Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). The Court concludes that granting Beasley leave to amend would be futile as the actions of which he complains simply do not rise to the level of a constitutional violation.

## V.     Conclusion

Consistent with the above, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: November 12, 2024